IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) <br> FROM ARGENTINA ) <br> IN THE MATTER OF )    Misc. No. 07- <br> IMPSAT FIBER NET ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Argentina. A copy of the translation is attached.

FACTUAL BACKGROUND:

Litigation is being conducted before the Court of First Instance for Labor Matters No. 10 Buenos Aires. The litigation relates to labor matters.

EVIDENCE SOUGHT:

The Argentine authorities seek information from a company that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in In Re Request for Judicial Assistance from the Seoul District Criminal Court, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." In Re Letter of Request from the Crown Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in Argentina and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority

to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 6/28/07

——————TRADUCCION PUBLICA – CERTIFIED TRANSLATION——————

**DIPLOMATIC LETTERS ROGATORY** ———————————————————

[Top right-hand corner: Seal:] Court of First Instance for Labor Matters No. 10 in and for the City of Buenos Aires. ———————————————————————————

[Raised seal at the top of the page:] Interjurisdictional Judicial Communications Agreement ————————————————————————————————

SARA NIEVES SILVA, JUDGE IN CHARGE OF THE COURT OF FIRST INSTANCE FOR LABOR MATTERS No. TEN IN AND FOR THE CITY OF BUENOS AIRES, DOMICILED AT AVDA. ROQUE SÁENZ PEÑA 760 PISO 8° OF THE CITY OF BUENOS AIRES, REPUBLIC OF ARGENTINA, TO THE JUDGE PRESIDING OVER A SIMILAR COURT OF COMPETENT JURISDICTION IN SESSION IN WILMINGTON, COUNTY OF NEWCASTLE, DELAWARE, UNITED STATES OF AMERICA, SENDS GREETINGS AND HAS THE HONOR TO COMMUNICATE: ——

Before the court under my charge, the case entitled **"PESCARMONA, Enrique Menotti c/ IMPSAT S.A." (Expte. N° 28199/03)** [PESCARMONA, Enrique Menotti v. IMPSAT S.A." (File No. 28199/03)] is pending, and the present diplomatic letters rogatory has been caused to be issued requesting YOUR HONOR to take the necessary steps to serve notice of these presents on Impsat Fiber Networks Inc., domiciled at Corporation Trust Center, 209 Orange Street, Wilmington, County of Newcastle, Delaware, United States of North America, in order that the said organization provide the information requested below: ———————————

- Who were the direct or indirect stockholders of said company from its creation up to February 2003, and thereafter? ————————————————————————
- What functions did Mr. Enrique Menotti Pescarmona perform in said company or what positions did he hold in same? ———————————————————
- Details of the company's debt restructuring plan devised between 2002 and 2003; -
- What did the plan contemplate as regards the company's Board of Directors? ——
- What did the plan contemplate as regards the company's stock? ———————
- Was the plan approved judicially? ——————————————————————
- What companies were controlled by Impsat Fiber Networks, and what countries did they belong to? ————————————————————————————
- When did Mr. Enrique Menotti Pescarmona leave the position of Chairman of the company's Board of Directors? ————————————————————————
- What salary was Mr. Enrique Pescarmona paid in his capacity as Chairman of the

CECILIA A[...]R[...]
TRADUCTORA
[...]GLI
CAP. FED[...]
LA PLATA T[...]
MATRICULA

Board of Directors of the company. ——————————————————

Your Honor is informed that the jurisdiction of this court derives from the rules set out in Sections 20, 21 and 24 of Law 18345. ——————————————————

The sum claimed amounts to $ 984,107 (nine hundred and eighty-four thousand one hundred and seven pesos) plus US$ 2,541,674 (two million five hundred and forty-one thousand six hundred and seventy-four U.S. dollars). ——————————————————

The court order whereby this diplomatic letters rogatory is caused to be issued reads as follows: "Buenos Aires, 12 August 2004. ...In reply to item XIII: as requested, and in view of the fact that the production of evidence based on information in possession of IMPSAT FIBER NETWORKS INC. was not denied, I hereby order that a request for said evidence to be furnished be made through a LETTERS ROGATORY. Signed by: Sara Nieves Silva. Judge." ANOTHER COURT ORDER: "Buenos Aires, 3 May 2005: with reference to the request appearing on page 1858, may said documentation be incorporated into the file and given due consideration, and may the attached letters rogatory be duly verified. With reference to the request appearing on page 1859, may it be incorporated into the file and resolved as per the ruling appearing on page 1798. Signed by: Sara Nieves Silva. Judge." ANOTHER COURT ORDER: "Buenos Aires, 4 October 2006: Based on the documentation on record, as regards the issuance of a Diplomatic Letters Rogatory against IMPSAT FIBER NETWORKS, I hereby order that said letters rogatory be issued once again and be duly processed according to the terms already ordered in these proceedings. Signed by: Sara Nieves Silva. Judge". ——

In compliance with the provisions set out in the Convention on the taking of evidence abroad in civil and commercial matters, approved by our country by law 23480 (section 3, paragraph c), I inform Your Honor that the subject matter of this lawsuit is a claim for the collection of sums due by way of compensation for dismissal and unpaid salaries filed by Mr. Pescarmona, while Impsat S.A. asserts the inadmissibility of the items claimed and states that Mr. Pescarmona was the principal stockholder of the company and held the position of director without rendering services. ——————————————

In compliance with the provisions set out in Law 23481 [sic.] [Translator's Note: the law in question is Law 23480 – Convention on the taking of evidence abroad in civil and commercial matters] (section 4, paragraph 4), I inform Your Honor that the present letters rogatory was issued because the defendant intends to prove that Mr. Pescarmona was either directly or indirectly the principal stockholder of Impsat Fiber Networks Inc., i.e. the Chairman of the Board, according to the term used in the U.S. to describe his position, in addition to proving the remaining information requested in

2

these presents. ----------------------------------------------------------------

Johanna Ravelo, attorney-at-law, domiciled at 2040 North Dixie Hwy, Wilton Manors, Fort Lauderdale, Florida, is hereby authorized to take care of the processing of these presents. ----------------------------------------------------------------

I request Your Honor to give these presents due fulfillment, hereby offering reciprocity in analogous cases. ----------------------------------------------------------------

Done, signed and sealed in my official capacity in the City of Buenos Aires, capital of the Republic of Argentina, on the 1st day of the month of November [erased and altered] 2006. [There is a handwritten note: "November" – Valid. ----------------------

[There follow an illegible signature and a seal:] Sara N. Silva, Federal Judge. ---------

[Raised seal at the top of the second and third pages:] Interjurisdictional Judicial Communications Agreement ----------------------------------------------------------------

---

**NATIONAL JUDICIAL BRANCH.** In my capacity as Chief Justice of the Court of Appeals for Labor Matters in and for the City of Buenos Aires, Republic of Argentina, I hereby certify that the foregoing signature belonging to Sara Nieves Silva in her capacity as Judge of First Instance for Labor Matters in charge of the Court of First Instance for Labor Matters No. 10 in and for the City of Buenos Aires is authentic and appears to match the specimen signature kept on file in this Court's General Secretariat. Buenos Aires, 7 November 2006. ----------------------------------------

[There follow an illegible signature and a seal:] Oscar N. Pirroni, Chief Justice.

[Seal:] Court of Appeals for Labor Matters in and for the City of Buenos Aires. ------

[There follow an illegible signature and a seal in the left-hand margin:] Claudio M. Riancho – Prosecretary General. ----------------------------------------------------------------

---

The foregoing IS A TRUE TRANSLATION into English of the original document in Spanish attached hereto, that I sign and seal in the City of Buenos Aires, Republic of Argentina, on the 14th day of the month of November 2006. ----------------------

[I am including a certification of this translation in Spanish in the event it should have to be presented before local authorities.] ----------------------------------------

ES TRADUCCIÓN FIEL al inglés del documento original redactado en idioma nacional que adjunto a la presente, al que me remito en la Ciudad de Buenos Aires, República Argentina, a los 14 días del mes de noviembre de 2006. ----------------------

CECILIA A. ROSENFELD
TRADUCTORA PUBLICA
INGLES
CAP. FED. T° VI - F° 224
LA PLATA T° VII - F° 52
MATRICULA N° 654

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST          )
FROM ARGENTINA                   )
IN THE MATTER OF                 )   Misc No. 07-
IMPSAT FIBER NETWORKS, INC.      )
                    ORDER

    Upon application of the United States of America; and upon examination of a letter of request from Argentina whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Argentina and the Court being fully informed in the premises, it is hereby

    **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Argentine authorities as follows:

    1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

    2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Argentina, which procedures may be specified in the request or provided by the Argentine authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Civil Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Argentine authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2007.

_____
United States District Court Judge